ELIAB B. KIRBY, Appellant, v. DAVID B. WATT, Survivor, etc., Appellee.

ERROR TO SCOTT.

It is for the jury, in a case of dispute as to whose account a quantity of wheat was delivered, to determine that fact from the evidence, and also to determine whether it had been taken into account on a settlement.

Books of account are not proper evidence, unless some foundation has been laid for their introduction.

A party complaining of the court for not admitting evidence, should show, by his bill of exceptions, what the evidence was that was offered and rejected.

THIS was an action of debt, brought by appellant against appellee, as a surviving partner. The demand was for two hundred and five bushels of wheat, delivered by one Palmer either to the defendant as surviving partner of his father, and for their joint benefit, or to his father individually, on account of appellant. The dispute was as to whom the wheat was delivered, and if to the father, whether it had been settled for by him with the appellant. The cause was tried before WOODSON, Judge, and a jury, and resulted in a verdict for the appellee, the defendant below.

D. A. SMITH, for Appellant.

KNAPP & CASE, for Appellee.

CATON, C. J. It was a matter for the jury to determine, whether the wheat in question was delivered to David Watt, Sen., or to D. Watt & Son, and whether it had been taken into the account in the settlement between the plaintiff and the latter parties. With the view to this, the account stated between them was properly admitted in evidence. In order to rebut the legal presumption arising from this account stated, the plaintiff offered his own books in evidence, unsupported by any proof of their correctness, or otherwise laying the requisite foundation to render them competent evidence. We know of no principle of law by which the court could have properly admitted these books, and are of opinion that there was no error in rejecting them. Some question was made upon the particular language of the bill of exceptions, whether the plaintiff did not offer to prove, by other evidence than his books, that the account stated did not present the true state of the account between the parties, and that the wheat was not included in it. That it was competent for the plaintiff to prove these facts by any legal evidence,

26

cannot be questioned. There is great ambiguity in this part of the bill of exceptions, but, we think, when fairly understood, it does not mean that the plaintiff offered to produce any evidence on the subject other than his books. No other specific evidence is mentioned as being offered, and certainly the bill of exceptions shows no legitimate evidence which was offered by the plaintiff and ruled out by the court. This certainly should be done, in order to show that the decision of the court was wrong. When fairly understood, we do not think that the bill of exceptions shows that the plaintiff offered any evidence to impeach the account other than his books.

Some question was made upon the argument about the instructions. We have carefully examined them, and do not find any error in them. They fairly presented to the jury the questions to be determined by them. They are quite numerous, and it is unnecessary to go over them in detail.

The judgment must be affirmed.

*Judgment affirmed.*